hPER CURIAM.*
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, John A. Woodard, to sit for the Louisiana Bar Examination based on character and fitness concerns. We subsequently granted petitioner permission to sit for the bar, with the condition that upon his successful completion of the exam, he file a brief with the court responding to the objections raised by the Committee. In re: Woodard, 99-0373 (La.2/10/99), 738 So.2d 15. Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application for admission to the practice of law, this court appointed the Office of Disciplinary Counsel to conduct an investigation and appointed a commissioner to take evidence concerning petitioner’s character and fitness. In re: Woodard, 01-1281 (La.5/25/01), 788 So.2d 423. Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be denied admission to the practice of law. Neither petitioner nor the Committee objected to that recommendation.
A review of the record in this matter reveals that petitioner admitted he failed to disclose several prior criminal charges in his application to take the bar examination. Additionally, the Commissioner found respondent falsely held himself out to be a licensed attorney.
12After reviewing this evidence, we conclude petitioner has failed to meet his burden of proving that he has “good moral *970 character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E). Accordingly, it is ordered that the application for admission is denied.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the de-cisión.